In re Francis X. QUEEN, Sr., Debtor.

**NASHUA TRUST COMPANY, Plaintiff,**

v.

**Francis X. QUEEN, Defendant.**

CM No. 90-754.

Bankruptcy No. 90-11062.

United States Bankruptcy Court,
D. New Hampshire.

Oct. 3, 1990.

Jean Claude Sakellarios, Manchester, N.H., for Queen.

J. Daniel Marr, Hamblett & Kerrigan, Nashua, N.H., for Nashua Trust Co.

Edward C. Dial, Cullity, Kelley & McDowell, Manchester, N.H., for GMAC.

Brenda C. Smith-Weiss, Nashua, N.H., for NFS Sav. Bank.

Jeffrey A. Schreiber, Salem, Mass., trustee.

## ORDER GRANTING DEBTOR'S MOTION FOR STAY PENDING APPEAL

JAMES E. YACOS, Bankruptcy Judge.

This is a ruling on a motion for stay pending appeal. The debtor, Francis Queen, has requested a stay pending appeal of my Order entered September 19, 1990 granting relief from the automatic stay to the Nashua Trust Company.

This case presents a novel question with regard to the "likelihood of success on the merits" factor that is normally applied with regard to grants of stay pending appeal. This Court in *In re PSNH*, 116 B.R. 347 (Bankr.D.N.H.1990), ruled that the likelihood of success on the merits factor, while appropriate for preliminary injunctive relief, should not be applied literally in the appeal context.

As I noted there, I am taking a position at variance with all the reported cases but I felt constrained to do so there, and feel constrained to do so here, because the merits factor, in the appeal context as contrasted with the injunctive context, cannot logically require a strict showing of likelihood of success on the merits on appeal if that factor is to be interpreted as a finding by this Court that the appellant is more likely than not to prevail and secure a reversal on the Order on appeal.

In my judgment, this appellant is not more likely than not to have my Order reversed, but I do think this appellant has a "substantial case" on appeal, since the questions involved and raised on appeal are not frivolous, or arguments that have no substance to them, but do represent arguments and issues that could result in a reversal. The Order I entered does relate to collateral estoppel and comity between courts in a rather unique situation and formulation that may or may not be approved by the appellate courts.

As I say, I believe that the Order I entered is based on findings and conclusions that should result in an affirmance, to avoid double litigation on these matters between the State and Federal courts once they are fully litigated in the state court. The nub of that finding of course comes within the words "fully-litigated" in the specific context. The debtor takes the position that that means a final judgment and I took the position that fully-litigated means what happened in this case in the state court pre-bankruptcy, and that that was sufficient to apply the collateral estoppel doctrine; or that independent of that ground comity between the courts should in these situations result in a bar to double litigation where the state court has done essentially all that it would normally do. The debtor should not have the opportunity to cross the street and come over here and relitigate the same matter and thus waste scarce judicial resources at both the state and federal level. However, for the reasons indicated, there still is a substantial case on appeal in my judgment. Applying the more lenient standard from the *PSNH* ruling in this case, I think that the merits factor supporting a stay on appeal is established in this case, even though if I were to apply the likelihood of success on the merits in the strict literal sense of that word, likelihood, I would come down the other way.

With regard to irreparable harm, I think the debtor has shown that they will be subject to irreparable harm and that the harm to the debtor is balanced by harm to the appellee that is much less. I realize it is an uncertain real estate market, but even on a liquidation basis I think that the bank is protected at the point of appeal from essential delay costs that can be recovered out of the value of the property as I indicated during the course of the hearing.

Furthermore, I am going to require as a form of supersedeas protection that the debtor resume payments to the bank during the pendency of the appeal, in the amount of $500.00 a month, to commence 10 days from date and monthly thereafter. If those payments are not made, as indicated, the bank can request an ex parte order vacating the stay during appeal if there is no challenge to the fact of that default within 48 hours, pursuant to the Local Rules.

With regard to the public interest factor, I realize there is a concern here about state and federal comity and double litigation, but that is wrapped up into the first factor. I will grant the stay subject to that proviso that the debtor will resume payments to the bank of $500.00 monthly to be applied to accruing interest on the secured debt inasmuch as the bank is oversecured. In consideration of all of the foregoing, it is

ORDERED, ADJUDGED and DECREED:

There shall be a stay pending an appeal in this case effective immediately and lasting for the duration of the appeal provided the appellant pays the appellee $500.00 on October 12, 1990 and on the 12th of each month thereafter during the course of the appeal. If appellant fails to make said payment, then appellee can file a motion to vacate the stay, and if there is no challenge to the fact of default the motion will be granted without hearing after 48 hours.

DONE and ORDERED.